Sidney S. PAL, Plaintiff–Appellant,

v.

Kenneth S. APFEL, as Commissioner of the Social Security Administration; Donna E. Shalala, as Secretary of the Department of Health and Human Services, Defendants–Appellees.

Docket No. 00–6209.

United States Court of Appeals, Second Circuit.

July 17, 2001.

Errol Blank, West Nyack, NY, for appellant.

Susan D. Baird, Assistant United States Attorney; Mary Jo White, United States Attorney, Southern District of New York; Jeffrey S. Oestericher, Assistant United States Attorney, on the brief, New York, NY, for appellees.

Present WALKER, Chief Judge, CABRANES, and STRAUB, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Sidney S. Pal appeals an April 27, 2000 order of the district court that denied his motion for reconsideration, *see* Fed.R.Civ.P. 60(b), of a March 31, 1999 judgment that dismissed his suit. *See Pal v. Apfel,* 98–CV–1947, 2000 WL 511594 (S.D.N.Y. April 27, 2000) (*"Pal II"*).

On March 17, 1998, Pal filed suit pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Commissioner of Social Security that denied his application for disability benefits. On March 31, 1999, the district court entered judgment dismissing the action because it found that Pal's "earnings record display[ed] a mere four quarters of employment in which he paid into the disability fund from which he now seeks assistance." *Pal v. Apfel,* 98–CV–1947, 1999 WL 169485, at *4 (S.D.N.Y. March 25, 1999) (*"Pal I"*).

Nearly a year later, on March 24, 2000, Pal moved for reconsideration of the judgment pursuant to Rule 60(b)(2), which provides that a "court may relieve a party . . . from a final judgment" for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed.

R.Civ.P. 60(b)(2). Pal's "newly discovered evidence" consisted of two letters he had written to the Internal Revenue Service regarding employment income he purportedly earned and a responsive letter from the IRS. Pal contends these letters establish that he had the requisite quarters of earnings to qualify for disability benefits. In an affidavit submitted with the Rule 60(b) motion, Pal's counsel asserted that the three letters had been in his possession since the March 31, 1999 judgment and that Pal had in fact reminded him in April 1999 that the letters were in counsel's possession.

The district court denied the motion for reconsideration because it concluded, *inter alia,* that "files at all times in the possession of plaintiff's counsel can hardly be characterized as newly discovered." *Pal,* 98–CV–1947, 2000 WL 511594, at *1 (stating that Pal's attorney found the three letters in "a number of Plaintiff's dead files in an unmarked two-drawer file cabinet which was placed, together with some cardboard boxes, on top of the file cabinets where [counsel] keep[s][his] closed files"). We agree with the district court's determination that there was no "newly discovered" evidence here.

The determination of motions under Rule 60(b) is committed "to the sound discretion of the district court" and is "generally granted only upon a showing of exceptional circumstances." *Mendell in behalf of Viacom, Inc. v. Gollust,* 909 F.2d 724, 731 (2d Cir.1990), *aff'd,* 501 U.S. 115, 111 S.Ct. 2173, 115 L.Ed.2d 109 (1991). Given the facts of this case, we cannot say that the district court abused its discretion in holding that Pal failed to demonstrate that by due diligence he could not have discovered the three letters in time to move for a new trial under Rule 59(b)— i.e., within ten days of entry of judgment. *See United States v. Potamkin Cadillac*

*Corp.,* 697 F.2d 491, 493 (2d Cir.1983) (holding that Rule 60(b)(2) evidence must be "truly newly discovered or ... could not have been found by due diligence" (alterations in original)).

Accordingly, the district court's judgment dismissing the action is hereby AFFIRMED.